IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIO CESAR OVALLE, | § § | |
| *Plaintiff,* | § § § | SA-20-CV-00676-JKP |
| vs. | § § | |
| UNITED STATES OF AMERICA, DOE C.B.P. AGENTS 1-10, DOE I.C.E. AGENTS 1-10, | § § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the above-styled cause of action. All dispositive pretrial matters in this case were referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#3]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be dismissed for want of prosecution.

**I.  Background and Analysis**

Plaintiff Julio Cesar Ovalle filed this action on June 4, 2020, against the United States of America (United States Custom & Border Protection, United States Immigration and Customs Enforcement ("ICE"), and the Department of Homeland Security), as well as a number of unnamed individual agents. (Compl. [#1].) Ovalle alleges that he is a 25-year-old United States citizen, who was born in Los Angeles, California, speaks very little English, is unable to read or write English, and has a history of mental health issues. (*Id.* at ¶ 8.) According to Ovalle's Complaint, he was unlawfully arrested and detained at an ICE detention facility in 2018 and

1

ultimately deported to Mexico, without being given the opportunity to see a judge and without any investigation into his claims of citizenship by birth. (*Id.* at ¶¶ 8–14.) Ovalle further alleges that after he was forced to walk across the border to Nuevo Laredo with other deportees, he was finally able to make a call to inform his father of his deportation. (*Id.* at ¶ 15.) While waiting for his father to arrive with his passport and birth certificate outside the Mexican Immigration Center, Ovalle claims that a truck approached with members form a Mexican cartel, who abducted him and took him to a house, where he was held for ransom. (*Id.*)

Ovalle's family was ultimately successful in securing his release from the cartel, and, due to the intervention of the Federal Bureau of Investigation, Ovalle was returned to the United States within one week of his deportation. (*Id.*) However, he claims he suffered physical and mental abuse at the hands of the cartel and that the ordeal caused him severe emotional distress, required his hospitalization for an attempted suicide, and that he continues to experience symptoms from the trauma caused by the United States Government's unlawful actions. (*Id.* at ¶¶ 16–17.)

Through this lawsuit, Ovalle alleges constitutional claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and tort claims pursuant to the Federal Tort Claims Act. Ovalle alleges that the United States employed racial profiling and discriminatory and predatory policies and practices in his arrest and deportation that caused his injuries.

At the time his suit was filed, Plaintiff requested issuance of a single summons, and summons was issued that same day, addressed to William P. Barr, Attorney General of the United States, at 950 Pennsylvania Avenue, NW, Washington, D.C. 20530. Over three months

passed, no summons was returned; no waiver of service was filed; and no answer or other responsive pleading was filed in this case.

To effectuate service on the United States, a party must both deliver a copy of the summons and the complaint to the United States Attorney <u>for the district where the action is brought</u> and send a copy of the complaint and summons by registered or certified mail to the Attorney General of the United States in Washington, D.C.  *See* Fed. R. Civ. P. 4(i)(1).  The summons requested by and issued to Ovalle was addressed to the Attorney General in Washington, D.C.  There is no record of any summons being requested or issued as to the U.S. Attorney for the Western District of Texas.

Under Rule 4(m) of the Federal Rules of Civil Procedure, if service of summons and complaint is not made upon a defendant within 90 days after a complaint is filed, after giving notice to plaintiff, the court must dismiss the action without prejudice or direct that service be effected within a specified time.  Fed. R. Civ. P. 4(m).  If the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.  *Id.*  Furthermore, a district court may dismiss an action for failure to prosecute or to comply with any order of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); Fed. R. Civ. P. 41(b).

Due to Ovalle's failure to serve the United States in conformity with Rules 4(i) and 4(m), the Court issued a show cause order on September 17, 2020 [#4].  The Order directed Ovalle to show cause why this case should not be dismissed for want of prosecution based on a failure to properly serve this lawsuit.  The Order explained that, based on a filing date of June 4, 2020, Ovalle had until September 2, 2020 to serve his Complaint and summons on the United States but had failed to do so.  The Court also explained that Ovalle could request an extension of time

to serve process upon a showing of good cause. The Order gave Ovalle until October 1, 2020, to show cause for his failure to prosecute this case and to request any such extension.

The day after the Court entered its Order, Ovalle filed a Notice of Filing of Proof of Service [#5], which contained an Affidavit of Service, confirming that the Attorney General of the United States was served with summons on June 16, 2020. The Notice did not reference any attempt to serve the United States Attorney for the Western District of Texas. Nor did it request an extension of time to complete service. No additional summonses have been requested or issued.

Now, over four months have elapsed since the filing of this lawsuit, and the deadline to show cause for the failure to serve process or request an extension of time to do so has passed. The United States has still not been properly served pursuant to Rule 4(i) or within the time constraints imposed by Rule 4(m). The Court has warned Ovalle that a failure to serve the United States could result in the dismissal of his lawsuit for want of prosecution pursuant to Rule 41(b). The Court will therefore recommend that Ovalle's case be dismissed for want of prosecution.

## II.  Conclusion and Recommendation

Having considered the record in this case and the governing rules regarding service on the United States Government, the undersigned **recommends** that this case be **DISMISSED FOR WANT OF PROSECUTION**.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified

mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 9th day of October, 2020.

ELIZABETH S. ("BETSY") CHESTNEY  
UNITED STATES MAGISTRATE JUDGE