UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIO CESAR OVALLE, | § § § | |
| *Plaintiff*. | § § | |
| v. | § § | Case No. 5:20-CV-00676-JKP |
| UNITED STATES of AMERICA, DOE C.B.P. AGENTS 1-10, & DOE I.C.E. AGENTS 1-10 | § § § § § | |
| *Defendant*s | § § | |

## PLAINTIFF'S MOTION TO REINSTATE

TO THE HONORABLE JUDGE JASON PULLIAM:

NOW COMES Plaintiff JULIO CESAR OVALLE asking the Court to reinstate this case on its docket, under the authority of Federal Rule of Civil Procedure 60(b)(1), and as grounds therefore would respectfully show the Court as follows:

### I. INTRODUCTION

Plaintiff is JULIO CESAR OVALLE and Defendants are the UNITED STATES OF AMERICA, DOE C.B.P. AGENTS and DOE I.C.E. AGENTS. Plaintiff sued Defendants for damages and injuries resulting from Plaintiff's wrongful deportation, wherein Plaintiff was deported by Defendants even though Plaintiff was a citizen of the United States. After Plaintiff was deported, he was kidnapped by the cartel and held in Nuevo Laredo, Mexico before he was able to be retrieved by the F.B.I.

### II. FACTS

On December 11, 2020, this Court dismissed the case for want of prosecution because of Plaintiff's failure to "properly serve any defendant within the timeframe set out in Fed. R. Civ. P. 4(m)." After a Report and Recommendation was sent by the Court notifying Plaintiff of his failure to serve the Defendants, Plaintiff filed a Notice of Service on or about August 10, 2020 in which Plaintiff advised the Court that the U.S. Attorneys' Office had been served with process on or about June 16, 2020. However, because Plaintiff failed to serve a copy of the summons to the U.S.

Attorney for the Western District of Texas, this Court dismissed Plaintiff's case for want of prosecution.

### III. ARGUMENT & AUTHORITIES

Under Rule 60(b)(1), a Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect. A court should grant a motion to reinstate if the Plaintiff's failure to take action was not intentional or the result of conscious indifference, but was the result of a mistake or accident or can otherwise be reasonably explained. *Pioneer Inv. Servs. v. Brunswick Assoc.*, 507 U.S. 380, 391 (1993); *In re Worldwide Web Sys.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

Due to the pandemic, Plaintiff's attorneys' office was working remotely, as paralegals, staff, and an attorney of the Firm have all contracted COVID-19 over the past six months. Further, one of the attorneys for Plaintiff was on maternity leave this fall, when the Report and Recommendations was issued by this Court. Because of the remote working and attorney on leave, Plaintiff's counsel's office had a miscommunication regarding the actions needing to be taken.

Plaintiff's counsel served the U.S. Attorney's Office and filed the Notice of Service when the initial Show Cause order was issued. Plaintiff's counsel's office thought that the proper U.S. Attorneys' Office had been served, but there was a miscommunication about which office was served. Plaintiff's counsel's office did not intentionally fail to comply with this Court's order and has not intentionally failed to serve the proper office; rather, Plaintiff's counsel's office thought that the defects were corrected by showing that service had been effectuated in filing the Notice of Service after the Show Cause Order was issued. Based upon these facts, Plaintiff's counsel's office believes that an accident or mistake has been made that led to the case being dismissed for want of prosecution.

### IV. REQUEST FOR HEARING

Plaintiff requests this Court conduct an oral hearing on the Motion to Reinstate as soon as practicable if necessary.

## V.  CONCLUSION

Due to a mistake and miscommunication caused by remote working and maternity leave, Plaintiff's counsel's office did not intentionally fail to serve a copy of the summons that was served upon the U.S. Attorneys' Office to the Western District of Texas' U.S. Attorney's Office. Therefore, the Plaintiff requests that the Court reinstate the matter to its docket.

## VI. PRAYER

For these reasons, Plaintiff asks this Court to set this Motion for hearing and, after the hearing, grant Plaintiff's Motion and reinstate this case on its docket.

Respectfully submitted,

**Espinoza Law Firm, PLLC**
10202 Heritage Blvd.
San Antonio, TX 78216
210.229.1300 t
210.229.1302 f
www.espinozafirm.com

*/s/ Lara Brock*

_____
**JAVIER ESPINOZA**
Texas Bar No. 24036534
javier@espinozafirm.com
e-service@espinozafirm.com
**LARA BROCK**
Texas Bar No. 24085872
lara@espinozafirm.com