UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JULIO CESAR OVALLE,**

   *Plaintiff*,

v.                                            Case No. SA-20-CV-0676-JKP

**UNITED STATES OF AMERICA, et al.,**

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

The Court has under consideration *Plaintiff's Motion to Reinstate* (ECF No. 10). Pursuant to Fed. R. Civ. P. 60(b)(1), Plaintiff seeks to vacate the judgment in this case and reinstate the case to the Court's docket. The Court dismissed the case without prejudice after Plaintiff failed to properly respond to a Show Cause Order (ECF No. 4) issued by the assigned Magistrate Judge and completely failed to respond to a Report and Recommendation ("R&R") (ECF No. 6) issued by the same Magistrate Judge based upon the lack of proper response to the Show Cause Order. After two months without any response to the R&R or other action in the case, the Court accepted the R&R and dismissed this case. *See Order Accepting R&R* (ECF No. 8). Ten days later, Plaintiff moved to reopen the case.

Because Plaintiff filed his motion within twenty-eight days of the judgment, Rule 59(e), rather than Rule 60(b)(1), governs the motion. Through Fed. R. Civ. P. 59(e), litigants may move "to alter or amend a judgment," so long as they do so within twenty-eight days of the entry of judgment. *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). Rule 59(e) provides courts with an opportunity to remedy their "own mistakes in the period immediately following" their decisions. *See id.* (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). Given "that corrective function," courts generally use the rule "only to reconsider matters properly encompassed in

a decision on the merits." *Id*. (internal quotation marks and brackets omitted). While "courts may consider new arguments based on an 'intervening change in controlling law' and 'newly discovered or previously unavailable evidence,'" they "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id*. at 450 & n. 2.

A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *T. B. ex rel. Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d. 1047, 1051 (5th Cir. Nov. 23, 2020) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003). Such a motion is for that "narrow purpose" only and courts "sparingly" use the "extraordinary remedy" to reconsider "a judgment after its entry." *Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (citations omitted). Courts, nevertheless, "have 'considerable discretion in deciding whether to reopen a case under Rule 59(e).'" *Id*. (quoting *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)).

Through the instant motion, Plaintiff does not argue any manifest error of law or fact. He instead sets out various circumstances to show excusable neglect in the failure to prosecute this action. But he makes no attempt to show why he did not object to the R&R. In fact, he misstates the facts when he states that "[a]fter a Report and Recommendation was sent by the Court notifying Plaintiff of his failure to serve the Defendants, Plaintiff filed a Notice of Service." He filed the notice the day after the Show Cause Order, but filed nothing in response to the R&R. Because the Court dismissed this action without prejudice, Plaintiff is free to file a new action. Plaintiff has not asserted any bar that would prevent him from commencing a new action on the same allegations. Absent a bar like a statute of limitations, the Court discerns no prejudice to Plaintiff by not reopening this case. Accordingly, the Court **DENIES** *Plaintiff's Motion to Reinstate* (ECF No. 10). If Plaintiff is facing a viable bar to refiling this case as a new civil action, the Court will consider

whether the circumstances justify reopening this case on proper motion by Plaintiff. Of course, if any such bar would also apply to this case, such bar would provide no basis to reopen this case.

**IT IS SO ORDERED.**

**SIGNED this 11th day of March 2020.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**