UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JULIO CESAR OVALLE,

     *Plaintiff*,

v.                                      **Case No. SA-20-CV-0676-JKP**

UNITED STATES OF AMERICA, et al.,

     *Defendants*.

## MEMORANDUM OPINION AND ORDER

The Court has under consideration *Plaintiff's Motion to Reconsider Order Denying Plaintiff's Motion to Reinstate* (ECF No. 13). Pursuant to Fed. R. Civ. P. 60(b)(1), Plaintiff seeks to reinstate this case to the Court's docket. After considering all relevant matters of record and the applicable law, the Court **DENIES** the motion.

## I. BACKGROUND

The Court dismissed this case without prejudice after Plaintiff failed to properly respond to a Show Cause Order (ECF No. 4) issued by the assigned Magistrate Judge and then completely failed to respond to a Report and Recommendation ("R&R") (ECF No. 6) issued by the same Magistrate Judge based upon the lack of proper response to the Show Cause Order. After two months without any response to the R&R or other action in the case, the Court accepted the R&R and dismissed this case. *See Order Accepting R&R* (ECF No. 8). Ten days later, Plaintiff moved to reopen the case.

On March 11, 2020, the Court denied the motion to reopen this case. *See Mem. Op. & Order* (ECF No. 12). In doing so it found that Plaintiff had not argued "any manifest error of law or fact" necessary for relief under Fed. R. Civ. P. 59(e). *Id.* at 2. Recognizing the unintended harshness of dismissal if Plaintiff were "facing a viable bar to refiling this case as a new civil

action," the Court stated that, in such a situation, it would "consider whether the circumstances justify reopening this case on proper motion by Plaintiff." *Id*. at 2-3. It also noted that "if any such bar would also apply to this case, such bar would provide no basis to reopen this case." *Id*. at 3.

On March 15, 2021, Plaintiff commenced a new action against the same defendants based on the same set of operative facts. *See Ovalle v. United States of America*, Case No. 5:21-CV-0265-OLG (filed Mar. 15, 2021). And the next day, summonses were issued for Defendant United States of America in that case. On March 17, 2021, Plaintiff filed the instant motion to reconsider in this case. Because the motion revealed the new case filing, court staff alerted chambers for the Honorable Chief United States District Judge Orlando L. Garcia of the pendency of this motion to reconsider.

## II. MOTION TO RECONSIDER

Although Plaintiff titles his motion as one to reconsider the order denying his motion to reinstate this case and has filed the motion in similar fashion, the body of the motion instead seeks to reinstate this case under Fed. R. Civ. P. 60(b). That rule provides six enumerated reasons that permit courts to "relieve a party or its legal representative from a final judgment, order, or proceeding" on "motion and just terms."

A Rule 60(b) motion invokes the discretion of the trial court. *See In re Deepwater Horizon*, 988 F.3d 192, 200 n.23 (5th Cir. 2021) (per curiam). Similarly, courts have broad discretion to dismiss an action for failure to comply with a court order, *id*. at 197, or for failure to prosecute, *Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008) (per curiam). Such discretion arises from courts' inherent authority to manage their dockets. *In re Deepwater Horizon*, 988 F.3d at 197 (failure to comply with court order); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (failure to prosecute) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Notably, a court's discretion is more constrained when dismissing a case with prejudice because such dismissal deprives the litigant of the opportunity to pursue his claims. *See In re Deepwater Horizon*, 988 F.3d at 197. And a court's discretion is similarly constrained when a dismissal without prejudice is the equivalent of a dismissal with prejudice due to an applicable time-bar. *Berry*, 975 F.2d at 1191; *Hickerson*, 283 F. App'x at 253. When a "statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed," the more limited discretion applies. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). The "arguable" aspect of this principle means that "the applicable statute of limitations probably bars further litigation." *See id.*

However, in general, when "at least one of three aggravating factors" is present, courts are within their discretion to dismiss the action even when a dismissal is effectively a dismissal with prejudice. *In re Deepwater Horizon*, 988 F.3d at 197 (quoting *Berry*, 975 F.2d at 1191). The three aggravating factors are "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (same). But the mere fact that all aggravating factors are absent does not alone "warrant overturning a dismissal with prejudice." *Id.* at 198.

While invoking Rule 60(b)(1), Plaintiff provides no reason for the Court to reconsider its earlier order. And the motion is certainly denied to the extent Plaintiff seeks such reconsideration. But the Court will consider whether Plaintiff has presented sufficient reason for the Court to vacate its judgment dismissing this action, including his newly asserted premise that he faces a potential statutory bar to pursuing his new action.

Before addressing the heart of the matter, the Court is compelled to dispel a material mis-perception of the prior order. Plaintiff believes that, in denying the motion to reinstate, the Court

"acknowledged the 'excusable neglect' that led to the entry of the dismissal." *See Mot. Reconsider* at 1, 5. The Court, however, made no such acknowledgment. It instead stated: "Through the instant motion, Plaintiff does not argue any manifest error of law or fact. He instead sets out various circumstances to show excusable neglect in the failure to prosecute this action." *Mem. Op. & Order* at 2. The fact that the Court acknowledged that Plaintiff identified circumstances "*to* show excusable neglect," differs significantly from acknowledging that he identified circumstances "*that* show excusable neglect." The latter interpretation presently espoused by Plaintiff has no basis in the Court's prior ruling. And, if Plaintiff needs more clarity than the language already quoted, he need only look to the very next sentence, which highlights that "he makes no attempt to show why he did not object to the R&R." *See id*. The Court clearly found no excusable neglect regarding the failure to object to the R&R.

Correcting this misperception is important because Plaintiff relies on Rule 60(b)(1), which provides for relieving a party "from a final judgment" on grounds of "mistake, inadvertence, surprise, or excusable neglect." Much of Plaintiff's current motion appears to be based on the misperception that, although the Court found excusable neglect, it found no basis for relief under Rule 59(e). The Court, however, did not find excusable neglect.

Nevertheless, in his current motion, Plaintiff makes a stronger effort to show excusable neglect, especially as it pertains to the failure to respond to the R&R. He states: "Because Plaintiff's counsel believed, incorrectly so, that the service issues had been resolved, Plaintiff's counsel failed to respond to the Report and Recommendations." *See Mot. Reconsider* at 3. He explains that the following other circumstances contributed to the failure: (1) a lead attorney for this case was out of the office on maternity leave; (2) the pandemic created "further work complications"; (3) the R&R "was mistakenly thought to be confirmation that Plaintiff's summons had been filed and

was received, when in fact, it noted that the deficiency still existed and only one service was issued upon the United States of America instead of two"; and (4) during the October 2020 time-period, Plaintiff's other lead attorney, not only had to deal with various covid issues, such as employees testing positive and some employees working remotely, but he was preparing for a three-day virtual arbitration. *Id*. Plaintiff further explains that the second lead attorney tested positive for covid in December 2020. *Id*. at 4.

Three decades ago, the Supreme Court discussed "excusable neglect" and recognized that, as used in various Federal Rules of Civil Procedure, it is an "elastic concept" that "is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Indeed, in the context of Fed. R. Civ. P. 60(b)(1), "a party's failure to file on time for reasons beyond his or her control is not considered to constitute 'neglect.'" *Id*. at 394. Courts are well within their discretion to deny a motion to set aside a judgment under Rule 60(b)(1) "when the proffered justification for relief is the 'inadvertent mistake' of counsel." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356-57 (5th Cir. 1993). In contrast, "a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id*. at 357.

Under the facts here, Plaintiff's failure to respond to the R&R was certainly within his control and is attributed to neglect by his chosen legal representatives. Of course, "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co.*, 507 U.S. at 396. When clients voluntarily choose an attorney for legal representation, they cannot "avoid the consequences of the acts or omissions of this freely selected agent." *Id*. at 397 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962)). But, as previously mentioned, when the conduct

5

of counsel deprives a blameless client from the opportunity to pursue his claims through a dismissal with prejudice, or its equivalent, proper exercise of the court's discretion may spare the client from such an extreme sanction. *See*, *e.g.*, *In re Deepwater Horizon*, 988 F.3d at 197.

As Plaintiff argues, the crucial inquiry is whether the neglect is excusable. And, as recognized in *Pioneer*, "the proper focus" of that inquiry is "whether the neglect of [Plaintiff] and [his] counsel was excusable." 507 U.S. at 397. When determining whether neglect is "excusable," courts conduct an equitable determination that takes into account "all relevant circumstances surrounding the party's omission." *Id*. at 395. Relevant circumstances include "the danger of prejudice" to the opposing party, "the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*.; *accord In re Deepwater Horizon*, 988 F.3d at 200 & n.23 (applying *Pioneer* in context of Rule 60(b)(1)); *Osborne v. Homeside Lending, Inc. (In re Osborne)*, 379 F.3d 277, 284 (5th Cir. 2004) (same).

This case presents no basis to attribute any fault to Plaintiff himself. His attorney of record readily concedes that any fault lies with counsel alone. Furthermore, because no defendant has yet appeared in this action, there is no direct prejudice to any defendant should the Court vacate the judgment and allow Plaintiff to proceed with this case.

Although there has been substantial delay in this case due to the failure of Plaintiff to properly serve any defendant, and the recommendation of dismissal sat without objection for just over two months until the undersigned accepted it and dismissed this case for Plaintiff's failure to prosecute, Plaintiff moved relatively quickly to reopen the case ten days later. Nevertheless, under the circumstances of this case, including the reasons for the R&R (failure to serve) and the failure to object to the R&R, the relevant delay appears to be up to and including the date the Court

accepted the recommendation. With that view, there was about three months delay in service be-fore the Magistrate Judge issued the Order to Show Cause on September 17, 2020. Although Plain-tiff attempted to cure the perceived service deficiency the next day, the Magistrate Judge did not find the issue cured, and thus issued the R&R recommending dismissal of this case for failure to prosecute. Despite that recommendation, counsel did nothing until ten days after the undersigned accepted the recommendation.

Even if the Court limits its consideration to the two-month delay between the filing of the R&R and its acceptance, the Court views that delay alone as significant. And, even after the ac-ceptance, Plaintiff took another ten days to file his motion to reinstate. In addition, in the month between the Order to Show Cause and the R&R, Plaintiff had taken only one insufficient step to cure the deficiency highlighted by the Order to Show Cause. Thus, there is also further delay be-tween the filing of the Order to Show Cause and issuance of the R&R. Compounding these noted delays, Plaintiff had either not properly served or had at least not shown proper service from the filing of the complaint through acceptance of the R&R and beyond.

These delays have impacted the judicial proceedings. Thus far, the delays have resulted in an Order to Show Cause, an R&R, the acceptance of that R&R, entry of judgment, and a denial of a motion to reinstate. This case has now been closed for more than four months, with some delay not attributed to Plaintiff or his counsel because other judicial matters prevented earlier resolution of his motion to reinstate and the instant motion. Additionally, Plaintiff has commenced a second action in an abundance of caution. Under the totality of the circumstances, the Court cannot find that the length of delay or the impact on judicial proceedings favors granting the Rule 60(b)(1) motion to vacate the judgment.

The proffered reasons for delay most definitely do not favor granting the motion. Somehow

counsel misconstrued the R&R even though the Magistrate Judge twice clearly and succinctly enunciated that she was recommending that the case be dismissed for failure to prosecute. *See* ECF No. 6 at 1, 4. In the opening paragraph of the R&R, she identifies the precise nature of her recommendation – "that this case be dismissed for want of prosecution." *See id*. at 1. She restated that recommendation in the conclusion paragraph. *See id*. at 4. And she concluded the R&R with a notice of the right object that precisely identifies ramifications that flow from a failure to object. As set out by the Magistrate Judge, a failure to object to the R&R has serious consequences, including eliminating de novo review of the R&R and barring an appeal, except upon grounds of plain error. *See id*. at 5. The Magistrate Judge expressly notified Plaintiff of these consequences.

While the Court understands the various upheavals occurring in counsel's office during the relevant time-period, none of them – singularly or in combination – excuse disregarding a clear recommendation of dismissal and the accompanying repercussions associated with a failure to object. It is simply inexcusable to fail to object to a recommended dismissal under the facts presented. Had Plaintiff exhibited any indication that he objected to the recommended dismissal and was continuing to prosecute this action, the matter likely could have been resolved without dismissal at that point.

Despite the egregious failure to object to the R&R without sufficient reason, the Court has no basis to find that Plaintiff or his counsel failed to act in good faith. The Court need not infer any bad faith on the part of Plaintiff or counsel from the failure to object. It views the good faith element as favoring Plaintiff.

Conducting an equitable determination that considers all relevant circumstances surrounding Plaintiff's failure to object to the R&R, thus resulting in the dismissal of this action without prejudice, the Court finds the neglect inexcusable. Although there is no apparent prejudice to any

defendant, reopening this case does present the possibility that defendants would feel compelled to answer or otherwise respond to both this case and the newly commenced action by Plaintiff. And any factor that supports finding excusable neglect is greatly outweighed by the other factors, especially the indifference shown when presented with an R&R recommending dismissal.

Furthermore, although the Court indicated that Plaintiff could file a proper motion should he be facing a viable bar to prosecuting a new action, another motion based on excusable neglect appeared doomed to fail even at that time. As the party seeking to show excusable neglect, prejudice to Plaintiff is not a distinct factor in the excusable neglect consideration and such prejudice appears irrelevant to the circumstances surrounding the relevant omission. While unstated in the prior order, the most likely proper motion would invoke Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) provides a catch-all basis to obtain relief from judgment for "any other reason that justifies relief." Any other reason signifies other than those set out in Rule 60(b)(1) through (5). In appropriate circumstances when there is a viable or probable bar to proceeding with a new civil action, a court may find justification for vacating a final judgment that dismissed the original case without prejudice. But Plaintiff does not invoke Rule 60(b)(6).

The failure to expressly invoke Rule 60(b)(6) can be sufficient reason of itself to end further inquiry into that provision. But the Court still retains its ample discretion under Rule 60(b) to consider whether its dismissal warrants relief under Rule 60(b)(6) because the dismissal prevents or arguably may prevent additional litigation. To justify relief, however, a proper motion based upon a viable bar to prosecuting a new action would definitively show the viability and applicability of the bar or at least satisfy the Court that the statute of limitations probably bars further litigation. Such a motion would not be based on speculation or conjecture that the new case might be barred.

Under Rule 60(b)(6), the movant has the burden to show that relief from the judgment is justified. *See Castillo v. Munoz*, No. SA:13-CV-1181-DAE, 2015 WL 1020762, at *4 (W.D. Tex. Mar. 6, 2015). With respect to the timeliness bar, Plaintiff states in the current motion:

> The problem with refiling the claim is that the statute of limitations has expired, based upon the lapse of two years from the date of Plaintiff's deportation despite his status as a U.S. citizen. Because more than two years has passed, Plaintiff does not believe that a new claim can be brought, which is why he is reurging this Motion to Reinstate rather than filing a new claim.

Mot. at 6. He goes on to express uncertainty as to when his administrative claim was rejected and mailed to him in accordance with 28 C.F.R. § 14.9(a) (addressing final denial of an administrative claim and informing claimants that they may file suit "not later than 6 months after mailing of the notification"). He explains that his attorney received email notice of the denial of his administrative claim on September 25, 2020, but the denial had previously been unsuccessfully sent to him via certified mail on an unknown date. Nevertheless, he concedes that he did file a new action out of an abundance of caution, although he "expects a statute of limitations defense to be raised in the second suit." *Id*. at 6-7.

Because Plaintiff failed to attach an exhibit as indicated in his motion for reconsideration, the Court ordered the attachment to be filed as a supplement. *See ECF No. 14*. Plaintiff filed the supplement that same day. *See ECF No. 15*. The initial two pages of the supplement unmistakably reveal two important facts: (1) counsel for Plaintiff received an email dated September 25, 2020, with an undated attached denial of Plaintiff's administrative claim and (2) the government "attempted to deliver a hard copy via certified mail but it was non-deliverable." Although the notice of the claim denial informs Plaintiff that he has six months to file suit after the date of the notification, the notice inexplicably contains no date for the notification. And the September 25, 2020 email provides neither a certified mail receipt showing the date of mailing nor any other indication of the date of mailing.

Thus, Plaintiff was left in limbo as to when the six-month period for filing a civil action commenced. For this case, Plaintiff chose not to wait for a final disposition on his administrative claim as permitted by 28 U.S.C. § 2675(a),[1] so there was no need to know the date of administrative denial so long as this case remained active. But, for the more recently filed federal action, "the date of mailing of the notification" is critical to calculate the six-month deadline for filing a federal action under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2401(b); 28 C.F.R. § 14.9(a). Section 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

"Although phrased in the disjunctive, 'this statute requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial.'" *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001) (quoting *Houston v. U.S. Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987)); *accord Ellis v. U.S. Dep't of Veterans Affairs.*, 721 F. App'x 395, 397 (5th Cir. 2018) (per curiam). Similarly, Section 14.9(a) states:

> Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification.

In this case, there appears to be no question that Plaintiff satisfied the two-year requirement for filing an administrative claim. And, because Plaintiff did not await a final decision on his administrative claim, he has no issue regarding the six-month filing requirement. His new action

---

[1] In pertinent part, § 2675(a) states: "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

likewise appears to have no issue regarding the two-year requirement. But the new case has a potential problem as to whether Plaintiff filed the new action within six months after the date of mailing of the denial notification. He speculates that his new case might be untimely.

If the date of mailing is September 25, 2020, or later, Plaintiff filed his new case within six months. But the email is not by certified or registered mail as required by the statute. And more importantly, the governmental email clearly shows that a prior certified mailing had been returned as undeliverable. Furthermore, given the March 15, 2021 filing of the new civil action, Plaintiff's new action would be timely even if the date of the original certified mailing was as early as September 15, 2020, six months prior to the commencement of the new action. Nevertheless, based on the information provided, the Court would have to resort to speculation as to when the six-month period commenced. While it appears to be prior to September 25, 2020, the statute is silent as to the operative mailing date when there are multiple certified mailings of the notification due to a failed delivery of the initial mailing. Based upon the return certified mail, it is unlikely to be vastly earlier than that date even though the Court recognizes that it was widely accepted in 2020 that the United States Postal Service was experiencing significant delays in mail delivery.

In short, even had Plaintiff specifically invoked Rule 60(b)(6), he has not shown that his new action is untimely or even probably untimely as to any claim under the FTCA. First, it appears clearly within his means to provide the exact mailing date for the original certified mailing. There is no apparent reason why he could not provide either (1) a certified mail receipt showing the precise date of mailing or (2) an affidavit specifically setting forth the precise mailing date. When counsel received the email inquiry about where to resend the notification, counsel could have made appropriate inquiry into the original mailing date and perhaps whether that date or the resending date would commence the six-month limitations period. Instead, counsel has chosen to rely on

speculation that Plaintiff's new civil action might be untimely. That is insufficient under Rule 60(b)(6) to justify vacating a judgment dismissing a case without prejudice.

The above discussion focuses on the timeliness of Plaintiff's pursuit of claims under the FTCA as set forth in ¶¶ 55-69 of his original complaint (ECF No. 1). Plaintiff also pursues claims against individual "Doe" defendants subject to amendment when Plaintiff learns their true identities. *See Pl.'s Orig. Compl.* ¶¶ 3-4. He primarily sues the individual defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See id*. ¶¶ 19-30, 49-54. It is well-established that claims under *Bivens* must be filed within two years. *See Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999). It is equally well-established in the Fifth Circuit that "an amendment to substitute a named party for a John Doe does not relate back under [Fed. R. Civ. P.] 15(c)." *Winzer v. Kaufman Cty.*, 916 F.3d 464, 471 (5th Cir. 2019) (quoting *Whitt v. Stephens Cty.*, 529 F.3d 278, 282-83 (5th Cir. 2008)). Consequently, the failure to identify the Doe defendants during the relevant limitations period makes them subject to dismissal for untimeliness whether in this action or the newly filed civil action. Plaintiff's *Bivens* claims provide no basis under Rule 60(b)(6) to vacate the dismissal issued in this case.

Plaintiff also asserts claims against the United States and the individual defendants under the Rehabilitation Act, *Pl.'s Orig. Compl.* ¶¶ 31-42, or directly under the Constitution, *id*. ¶¶ 43-48. Suffice to say, Plaintiff makes no effort to show the untimeliness of these claims. He has not carried his burden to show that a probable untimeliness of such claims justifies relief under Rule 60(b)(6).

In sum, Plaintiff has shown no excusable neglect for failing to object to the R&R. He has not shown any excusable neglect to justify any relief under Rule 60(b)(1). Nor has he invoked or shown any basis that justifies relief under Rule 60(b)(6). Additionally, the Court finds the

following notable facts and law cut against granting relief under Rule 60(b): (1) if warranted, Plaintiff could have raised any probable timeliness bar in a timely objection to the R&R; (2) it appears that when the Court first dismissed this case without prejudice, Plaintiff was likely well within the six-month period to file a civil action under the FTCA, but Plaintiff instead chose to move the Court to reinstate this case; (3) Plaintiff has not shown that any claim was probably barred by limitations at the time of dismissal or at any subsequent point through the filing of his new civil action on March 15, 2021; (4) courts do not abuse their discretion by dismissing an action without prejudice, when, at the time of dismissal, a litigant is not barred by limitations from pursuing his claims in a new action; (5) although Plaintiff submits that he has properly served the United States, he has made no argument or showing that he has served any individual defendant; and (6) even in the face of a statute of limitations, it is within a court's discretion to dismiss an action for failure to prosecute when the plaintiff has not served the defendants prior to the running of the statute of limitations, *see Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008) (per curiam).

For these reasons, the Court **DENIES** *Plaintiff's Motion to Reconsider Order Denying Plaintiff's Motion to Reinstate* (ECF No. 13). Nevertheless, one very compelling reason exists to not entirely foreclose relief under Fed. R. Civ. P. 60(b)(6) – the fact that Plaintiff himself is completely without fault or blame for the current situation regarding this action or his claims. The Court is thus appropriately reticent to potentially deprive Plaintiff of an opportunity to pursue his claims based on the fault of his chosen legal representatives. Accordingly, the denial of the instant motion is without prejudice to Plaintiff filing a proper motion under Fed. R. Civ. P. 60(b)(6) that specifically shows that he is barred or at least probably barred from pursuing his claims in his new case. With respect to his FTCA claims, any such motion shall be accompanied by an affidavit or a

certified mail receipt showing the exact date of mailing of the notice of denial. As stated herein, the untimeliness of Plaintiff's claims against the individual defendants will not suffice to carry his burden on such a motion because such untimeliness applies equally to such claims asserted in this action. To the extent Plaintiff desires to pursue such a motion under Rule 60(b)(6), he shall file such motion **on or before May 10, 2021**.

        **IT is so ORDERED.**

        **SIGNED this 29th day of April 2021.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**